IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SPENCER JOHNSON**  **PLAINTIFF**
ADC #159762

v. No. 4:24-cv-01095-LPR-ERE

**JAMES GIBSON, et al.**  **DEFENDANTS**

## ORDER

The Court has reviewed the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Edie R. Ervin (Doc. 5) and the Plaintiff's Objections (Doc. 6). After a *de novo* review of the PRD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PRD in its entirety as this Court's findings and conclusions in all respects except as stated below.

The PRD recommends that Defendants Gibson, Bell, Lewis, and Madden be dismissed based on Plaintiff's failure to state a claim against them.[1] Plaintiff agrees that Defendants Gibson, Lewis, and Madden should be dismissed, but he objects to the dismissal of Classification Supervisor Bell as a Defendant.[2] He has therefore moved to amend his Complaint, naming only Classification Supervisor Bell, Corporal Carrington, and Sergeant Minor as Defendants.[3] In his proposed Amended Complaint, Plaintiff clarifies his allegations against Defendant Bell by describing her personal participation in the alleged constitutional violations. Plaintiff alleges that

---

[1] PRD (Doc. 5) at 5.

[2] *See* Objections (Doc. 6); Mot. for Leave to File Am. Compl. (Doc. 7).

[3] Mot. for Leave to File Am. Compl. (Doc. 7); Am. Compl. (Doc. 8). In a previous Order, Judge Ervin found that, for screening purposes only, Plaintiff had stated deliberate indifference claims against Defendants Carrington and Minor in their individual capacities. Order (Doc. 4). Judge Ervin already ordered service with respect to those claims. *See* Order (Doc. 4). The proposed Amended Complaint does not materially alter Plaintiff's allegations against these two Defendants, but it properly drops the official-capacity claims brought against them in his original Complaint. Am. Compl. (Doc. 8) at 2–5. Plaintiff also names Defendant Bell in her individual capacity only. *Id*. at 1.

Defendant Bell assigned him to the same hallway as his attacker despite knowing about the first attack and the corresponding significant risk to Plaintiff's safety.[4]  The Court finds, *for screening purposes*, that Plaintiff has stated a deliberate indifference claim against Defendant Bell in her individual capacity.  This is not to say that the claim would withstand an adversarial motion to dismiss.  In fact, the Court tentatively suspects that the opposite may be true.  But, out of an abundance of caution, the Court chooses to allow the above-described claim against Bell through screening.

Because Plaintiff's Amended Complaint properly addresses the issues noted in the PRD, the Court will grant the request to amend and will order service of the Amended Complaint on Defendants Bell, Carrington, and Minor.

Accordingly, IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is GRANTED. The Amended Complaint entered on the docket on January 21, 2025 (Doc. 8) shall now serve as the operative Complaint in this case.

2. The Clerk of Court is directed to prepare summonses for Classification Supervisor Bell, Corporal Carrington, and Sergeant Minor.

3. The United States Marshal is directed to serve each of these Defendants with a summons and a copy of the Amended Complaint (Doc. 8), without requiring prepayment of fees and costs or security.  Service for all Defendants should be attempted through the Arkansas Division of Correction Compliance Division, P.O. Box 40550, Pine Bluff, Arkansas 71612.

4. The Clerk is instructed to terminate Warden Gibson, Chief of Security Carl Lewis, and Captain/Shift Supervisor Madden as party Defendants.

---

[4] Am. Compl. (Doc. 8) at 2–3.

5.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 28th day of January 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE